UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GILMER CISNEROS-CALDERON, LUIS
DUGLLAY, ISAIAS VELASQUEZ,
DUGLAS MONTENEGRO-AGUIRRE,
JOSE MONTENEGRO-AGUIRRE, and
EVERARDO CONCEPCION-SERRANO,

                         Plaintiffs,

      -against-

SALINAS ENTERPRISES, LLC, and ERIC
SALINAS,

                       Defendants.
-------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

08 Civ. 6406 (KMK)(JCM)

To the Honorable Kenneth M. Karas, United States District Judge:

     Plaintiffs Gilmer Cisneros-Calderon, Isaias Velasquez, Duglas Montenegro-Aguirre, Jose

Montenegro-Aguirre, Luis Dugllay[1] and Everardo Concepcion-Serrano ("Plaintiffs")

commenced this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201, *et seq.*, New York Labor Law ("NYLL"), article 19, §§ 160 *et seq.*, 190 *et seq.* and 193,

breach of contract, unjust enrichment and *quantum meruit*.  Plaintiffs worked for Defendant Eric

Salinas ("Defendant" or "Defendant Salinas") and his remodeling company, Salinas Enterprises,

LLC.  By Order dated December 19, 2011, this Court granted a default judgment against

Defendant Salinas. (Docket No. 73).  The Court referred this matter to the Honorable George A.

Yanthis[2] on December 19, 2011 for an Inquest After Default/Damages Hearing. (Docket No. 74).

---

[1] Plaintiff Luis Dugllay's claims were discontinued without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) due to Plaintiff Dugllay's failure to respond to repeated attempts by counsel and others to reach him. (Docket No. 60).  In addition, the Court previously dismissed all counter-claims asserted by Defendant Eric Salinas pursuant to Fed. R. Civ. P. 41(c). (Docket No. 73).

[2] The Honorable George A. Yanthis, United States Magistrate Judge, retired on October 31, 2013.

On May 1, 2014, following a stay, administrative closure and reopening of the case, this matter was referred to the undersigned to report and recommend the amount of damages to be awarded Plaintiffs, plus reasonable costs and attorneys' fees.  Plaintiffs filed their request for damages and attorneys' fees in accordance with the Court's direction. (Docket Nos. 77, 90).  Defendant failed to respond.  For the reasons set forth below, I respectfully recommend that the Court enter judgment against Defendant in the total amount of $195,826.56, which consists of unpaid wages, overtime, "spread of hours" [3] pay, liquidated damages and attorneys' fees and costs.  The Court also recommends an award of pre-judgment interest calculated at 9% per annum from January 2008 to the date that judgment is entered.

## I.  BACKGROUND

## A.  Procedural History

This case has a long and tortured procedural history.  For purposes of this Report and Recommendation, the Court will focus only on the procedural history relevant to the instant damages application.  On September 16, 2011, Plaintiffs moved for a default judgment and submitted, *inter alia*, affidavits in support of their damages. (Docket Nos. 51, 53, 54, 55, 56, 57, 58, 59).  By Order dated December 19, 2011, the Court granted a default judgment against Defendant Salinas and referred the case to the Honorable George A. Yanthis "to determine the appropriate award of damages plus reasonable attorney's fees, if any." (Docket Nos. 73, 74).  On December 29, 2011, the Court entered a Default Judgment against Defendant Salinas. (Docket No. 75).  Pursuant to an Order of the Court dated January 11, 2012, (Docket No. 76), Plaintiffs submitted a memorandum of law and supporting declaration regarding determination of damages and attorneys' fees and costs on January 25, 2012. (Docket Nos. 77, 78).  Shortly thereafter, and

---

[3] "Spread of hours" is the interval between the beginning and end of an employee's work day. *See* Section III(A), *infra*.

before the Court issued a decision, Mr. Salinas filed for Chapter 7 Bankruptcy in United States

Bankruptcy Court for the District of Connecticut ("Bankruptcy Court"), (Docket No. 81), on

February 27, 2012. (Bankruptcy Action,[4] Docket No. 1).  Consequently, on March 16, 2012 this

matter was stayed, (Docket No. 81), and on May 29, 2012 the Court administratively closed this

matter, with leave to reopen, in view of the automatic stay provision of § 362 of the Bankruptcy

Code. (Docket No. 83).

On June 4, 2012, Plaintiff Everardo Concepcion-Serrano, for the benefit of all Plaintiffs

in the instant action, filed an adversary proceeding against Defendant Salinas in Bankruptcy

Court seeking to deny discharge related to fraudulent omissions in the bankruptcy filings under

11 U.S.C. § 727(a)(4)(A). (Adversary Action,[5] Docket No. 1).  The parties conducted discovery,

a trial was held, and post-trial briefing was filed in Bankruptcy Court, after which the

Bankruptcy Court found that Defendant Salinas made fraudulent omissions related to his

ownership and/or transfer of a business in his filings and denied discharge of all debt under 11

U.S.C. § 727(a)(4)(A). *Concepcion-Serrano v. Salinas (In re Salinas)*, No. 12-50343, 2013 WL

5417132, at *3 (Bankr. D. Conn. Sept. 26, 2013).  By order dated March 26, 2014, the

Bankruptcy Court terminated the automatic stay and authorized the resumption of any legal

action pending against Defendant. (Bankruptcy Action, Docket No. 31).

On April 17, 2014, upon the request of Plaintiffs, (Docket No. 85), the case was reopened

and the Court directed that the case be reassigned to a new Magistrate Judge for the resumption

of the inquest on damages and fees that was pending at the time of the stay, (Docket No. 86).  On

---

[4] Refers to the action filed in the U.S. Bankruptcy Court for the District of Connecticut on February 27, 2012 with Case Number 12-50343.

[5] Refers to the action filed in the U.S. Bankruptcy Court for the District of Connecticut on June 4, 2012 with case number 12-5028.

August 13, 2014, Plaintiffs renewed their request that the inquest proceed on submissions and also requested that they be granted leave to submit an application for supplemental fees and costs for time and disbursements incurred since the initial submissions in September 2011. (Docket No. 88). The Court granted Plaintiffs' request to supplement their initial submission during a September 18, 2014 status conference, but reserved decision on whether a hearing would be held or whether damages would be granted on Plaintiffs' submissions. (Schlanger 2014 Decl.[6] at Ex. E, at 11-12). Plaintiffs filed supplemental submissions on October 16, 2014. (Docket Nos. 90, 91, 92, 94, 95). Defendant failed to file any opposition to Plaintiffs' request for damages and attorney's fees.

## B.  Factual Background[7]

Plaintiffs allege that Defendant Eric Salinas hired them to perform a variety of work for his construction and remodeling company, Salinas Enterprises, LLC, including painting, construction, wood working, as well as odd jobs and manual labor. Plaintiffs worked for Defendant for varying durations from approximately March 2007 to January 5, 2008, and were paid different hourly wages. Plaintiffs contend that they regularly worked more than ten hours a day and more than forty hours per week for Defendant, and that Defendant failed to compensate them for all the hours they worked. Plaintiffs maintain that Defendant made unlawful deductions from the paychecks of one or more Plaintiffs on more than one occasion, including deductions for tools, uniforms, uniform cleaning, gas, customers' alleged failure to pay, workplace errors and mistakes. Furthermore, Plaintiffs incurred expenses while performing their assigned duties,

---

[6] Refers to the [Corrected] Declaration of Daniel A. Schlanger, Esq. In Support of Plaintiffs' Supplemental Fee Application Submitted By Leave of Court, sworn to on October 17, 2014, (Docket No. 95).

[7] The following background information is obtained from the allegations pleaded in the Complaint, dated July 17, 2008. (Docket No. 1). The Court must accept as true all of the well-pleaded allegations in the complaint pertaining to liability since a default judgment was entered. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

which Defendant did not reimburse.  Defendant failed to compensate them for overtime hours worked and for an additional hour of pay at minimum wage for each day that their "spread of hours" was in excess of ten hours per day.  Plaintiffs request compensation for unpaid wages, overtime, "spread of hours" pay, reimbursement for deductions made and monies withheld, liquidated damages, pre-judgment interest and attorneys' fees and costs.  Defendant failed to file any opposition to Plaintiffs' instant application.

## II.  DEFAULT JUDGMENT

The Court must accept as true all of the well-pleaded allegations in the complaint pertaining to liability since a default judgment was entered. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 311 (S.D.N.Y. 2014).  "Nonetheless, since the allegations in the complaint must be 'well-pleaded,' we are required to examine whether those factual allegations, if deemed true, establish liability." *Galeana*, 120 F. Supp. 3d at 313 (citations omitted).  The Court has reviewed the allegations set forth in the instant Complaint and has determined that they clearly establish liability.  Thus, the Court will now calculate actual damages.

When calculating damages, the allegations relating to damages "are not deemed admitted by virtue of a default." *PAPS v. GME Entm't, Inc.*, No. 09 Civ. 2508 (MHD), 2012 WL 5873584, at *6 (S.D.N.Y. Nov. 19, 2012); *see also Galeana*, 120 F. Supp. 3d at 313.  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematic computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).  A Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v.*

*Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).  As to the calculation of damages, Plaintiffs are entitled to all reasonable inferences from the evidence they offer. *See Au Bon Pain*, 653 F.2d at 65 (citation omitted).

The Court has "wide discretion" in conducting this inquiry. *Anglo-Iberia Underwriting Mgmt. Co. v. Lodderhose*, 282 F. Supp. 2d 126, 129 (S.D.N.Y. 2003).  Moreover, the inquiry may be conducted "based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Sabatino v. Emeana*, No. CV-97-7637 (SMG), 2000 WL 34017111, at *2 (E.D.N.Y. Aug. 1, 2000).  The Second Circuit has held that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (alteration in original) (citations omitted); *see also Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *PAPS*, 2012 WL 5873584, at *7.  The Court may rely on detailed affidavits to evaluate the proposed amount of damages. *See Fustok v. ContiCommodity Services, Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd* 873 F.2d 38 (2d Cir. 1989).  The affidavits and other documentary evidence submitted by Plaintiffs in the instant action provide a sufficient basis from which the Court can reasonably ascertain damages and, therefore, no hearing is required.  Moreover, since Defendant no longer has accurate time records, a hearing would be futile. (Schlanger 2012 Decl.[8] at Ex. 7).

---

[8] Refers to the Declaration of Daniel A. Schlanger, Esq. Regarding Determination of Damages, Attorneys' Fees and Costs without Inquest, sworn to on January 25, 2012. (Docket No. 78).

## III. CALCULATION OF DAMAGES

### A. Unpaid Wages, Overtime, "Spread of Hours" Pay, Deductions and Expenses

Plaintiffs seek compensation for unpaid wages and overtime, "spread of hours" pay, and unpaid deductions and expenses under the FLSA and the NYLL.  Both the FLSA and the NYLL require employers to pay a defined hourly minimum wage to their employees and time-and-a-half for any excess hours over forty that they work per week. 29 U.S.C. §§ 206(a), 207(a)(1); N.Y. Lab. Law § 652(1); *see also Galeana*, 120 F. Supp. 3d at 314.  One notable difference between the FLSA and the NYLL is that under the NYLL, employees "are entitled to an additional hour's pay at the basic minimum hourly wage rate for any day in which 'the spread of hours' - defined as 'the interval between the beginning and end of an employee's workday,'… exceeds 10 hours." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339 (S.D.N.Y. 2005) (citations omitted); *see also Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 625 (S.D.N.Y. 2011); *Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002); N.Y. Comp. Codes R. & Regs tit. 12, §§ 137-1.7, 142-2.18.  An employee is entitled to "spread of hours" pay in addition to any claim for minimum wage or overtime. *Galaena*, 120 F. Supp. 3d at 319; *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 260 (S.D.N.Y. 2008).

Plaintiffs bear the burden of proving that they performed the work for which they were not compensated. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003).  However, "it is the employer's responsibility to maintain accurate records of an employee's hours." *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 307 (E.D.N.Y. 2009).  The law is well settled that an employer's failure to keep detailed records of an employee's wages, hours and other employment information, will not result in an employee's failure to collect damages. *See Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997).  Plaintiff retains "the burden of

proving that he performed work for which he was not properly compensated." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011); *see also Grochowski*, 318 F.3d at 87.  Plaintiffs may meet their burden by proving that they have "in fact performed work for which [they were] improperly compensated and [by] … produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 367 (S.D.N.Y. 2005) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

Defendant has not submitted any documents showing that he maintained records of the employees' wages, hours, and other terms and conditions of employment as required by the FLSA and the NYLL.  Moreover, the evidence in the record indicates Defendant does not have accurate records. (Schlanger 2012 Decl. at Ex. 7).  "In the absence of documentation, the employee may rely on his own recollection to meet his initial burden." *Yu G. Ke*, 595 F. Supp. 2d at 254; *see also Galeana*, 120 F. Supp. 3d at 315.  When the employer defaults and provides no documents to the Court, Plaintiffs' "recollection and estimates of hours worked are presumed to be correct." *Liu v. Jen Chu Fashion Corp.,* No. 00 Civ. 4221 RJH AJP, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004); *see also Galeana*, 120 F. Supp. 3d at 316; *Yu G. Ke*, 595 F. Supp. 2d at 254-55.

Plaintiffs have each submitted sworn affidavits setting forth the work they have performed for Defendant, and without any contrary information, the Court presumes the accounting set forth in these affidavits is correct.

### i. Plaintiff Gilmer Cisneros-Calderon

Plaintiff Gilmer Cisneros-Calderon stated in his Affidavit that he worked for Defendant from approximately June 2007 until January 5, 2008. (Cisneros-Calderon Aff.[9] ¶ 2).  He was promised an hourly wage of $9 per hour. (*Id.* ¶ 3).  He performed a variety of work for Defendant, including "painting, construction, and carpentry, as well as a wide variety of 'odd jobs' and assorted manual labor." *(Id.* ¶ 4).  He "often worked more than forty hours per week," and regularly worked more than ten hours a day. (*Id.* ¶¶ 5-6).  Defendant did not compensate him for all the hours he worked. (*Id.* ¶¶ 5, 7, 8, 10).  Plaintiff Cisneros-Calderon further maintains that "[o]n one or more occasions, Defendant made unlawful deductions from my paycheck, including deductions for tools required [for] the performance of my job, uniforms and uniform cleaning, gas for transportation between job sites, customers' alleged failure to pay the Defendant, and for alleged workplace errors or mistakes." (*Id.* ¶ 9).

Plaintiff Cisneros-Calderon contends that Defendant owes him $10,172.25 for unpaid hourly wages, overtime and "spread of hours" pay, as well as unlawful deductions, and $8,856.25 for liquidated damages under the FLSA and the NYLL.[10] (*Id.* ¶ 12).  Plaintiff Cisneros-Calderon also asserts that he is owed pre-judgment interest. (*Id.* ¶ 12).  Plaintiff Cisneros-Calderon has not provided any documentation to support his claims.

---

[9] Refers to the Affidavit of Gilmer Cisneros-Calderon in Support of Plaintiff's Motion for Default Judgment, sworn to on September 8, 2011. (Docket No. 57).

[10] Plaintiffs calculate liquidated damages under the FLSA for unpaid wages and overtime owed at 100%, and under the NYLL for their "spread of hours" claims at 25%.  Plaintiffs withdrew their request for $414.50 of Plaintiff Cisneros-Calderon's originally claimed liquidated damages for improper deductions and unpaid expenses. (Docket No. 102).

**ii. Plaintiff Isaias Velasquez**

Plaintiff Isaias Velasquez stated in his Affidavit that he worked for Defendant from approximately June 2007 until January 5, 2008. (Velasquez Aff.[11] ¶ 2).  He was promised an hourly wage of $10 per hour. (*Id.* ¶ 3).  He performed a variety of work for Defendant, including "painting, construction, and carpentry, as well as a wide variety of 'odd jobs' and assorted manual labor." (*Id.* ¶ 4).  He "often worked more than forty hours per week," and regularly worked more than ten hours a day. (*Id.* ¶¶ 5-6).  Defendant did not compensate him for all the hours he worked. (*Id.* ¶¶ 5, 6).  Plaintiff Velasquez further maintains that "[o]n one or more occasions, Defendant made unlawful deductions from my paycheck, including deductions for tools required [for] the performance of my job, uniforms and uniform cleaning, gas for transportation between job sites, customers' alleged failure to pay the Defendant, and for alleged workplace errors or mistakes." (*Id.* ¶ 7).

Plaintiff Velasquez contends that Defendant owes him $7,398.75 for unpaid hourly wages, overtime, and "spread of hours" pay, as well as unlawful deductions and unreimbursed expenses. (*Id.* ¶ 9).  Plaintiff Velasquez also maintains that Defendant owes him an additional $4,010.38 in liquidated damages[12] under the FLSA and the NYLL, as well as pre-judgment interest. (*Id.* ¶ 9).  Plaintiff Velasquez has provided minimal documentation to support his claim.

---

[11] Refers to the Affidavit of Isaias Velasquez in Support of Plaintiff's Motion for Default Judgment, sworn to on September 8, 2011. (Docket No. 53).

[12] Plaintiffs calculate liquidated damages under the FLSA for unpaid wages and overtime owed at 100%, and under the NYLL for their "spread of hours" claims at 25%.  Plaintiff Velasquez originally claimed liquidated damages in the amount of $414.50 for improper deductions and $120.00 for unpaid expenses, but did not include $120.00 in their overall calculation of liquidated damages due to a computation error.  However, this is of no moment because Plaintiffs have since withdrawn their request for liquidated damages for the entire $534.50 relating to improper deductions and unpaid expenses. (Docket No. 102).

### iii.  Plaintiff Duglas Montenegro-Aguirre

Plaintiff Duglas Montenegro-Aguirre stated in his Affidavit that he worked for Defendant from approximately March 2007 until January 5, 2008. (D. Montenegro-Aguirre Aff.[13] ¶ 2).  He was promised an hourly wage of $17 per hour. (*Id.* ¶ 3).  He performed a variety of work for Defendant, including "painting, construction, and carpentry, as well as a wide variety of 'odd jobs' and assorted manual labor." (*Id.* ¶ 4).  He "often worked more than forty hours per week," and regularly worked more than ten hours a day. (*Id.* ¶¶ 5-6).  Defendant did not compensate him for all the hours he worked. (*Id.* ¶¶ 5, 7, 8).  Plaintiff Duglas Montenegro-Aguirre further maintains that "[o]n one or more occasions, Defendant made unlawful deductions from my paycheck, including deductions for tools required [for] the performance of my job, uniforms and uniform cleaning, gas for transportation between job sites, customers' alleged failure to pay the Defendant, and for alleged workplace errors or mistakes." (*Id.* ¶ 9).

Plaintiff Duglas Montenegro-Aguirre contends that Defendant owes him $11,655.62 for unpaid hourly wages, overtime, "spread of hours" pay, and unlawful deductions. (*Id.* ¶ 12).  Plaintiff Duglas Montenegro-Aguirre also maintains that Defendant owes him liquidated damages under the FLSA and the NYLL in the amount of $10,116.93,[14] as well as pre-judgment interest. (*Id.* ¶ 12).  Plaintiff Duglas Montenegro-Aguirre has provided minimal documentation to support his claim.

---

[13] Refers to the Affidavit of Duglas Montenegro-Aguirre in support of Plaintiffs' Motion for Default Judgment, sworn to on September 8, 2011. (Docket No. 55).

[14] Plaintiffs calculate liquidated damages under the FLSA for unpaid wages and overtime owed at 100%, and under the NYLL for their "spread of hours" claims at 25%.

iv.  **Plaintiff Jose Montenegro-Aguirre**

Plaintiff Jose Montenegro-Aguirre stated in his Affidavit that he worked for Defendant from approximately May 2007 until January 5, 2008. (J. Montenegro-Aguirre Aff.[15] ¶ 2).  He was promised an hourly wage of $15 per hour. (*Id.* ¶ 3).  He performed a variety of work for Defendant, including "painting, construction, and carpentry, as well as a wide variety of 'odd jobs' and assorted manual labor." (*Id.* ¶ 4).  He "often worked more than forty hours per week," and regularly worked more than ten hours a day. (*Id.* ¶¶ 5-6).  Defendant did not compensate him for all the hours he worked. (*Id.* ¶¶ 5, 7, 8).  Plaintiff Jose Montenegro-Aguirre further maintains that "[o]n one or more occasions, Defendant made unlawful deductions from my paycheck, including deductions for tools required [for] the performance of my job, uniforms and uniform cleaning, gas for transportation between job sites, customers' alleged failure to pay the Defendant, and for alleged workplace errors or mistakes." (*Id.* ¶ 7).

Plaintiff Jose Montenegro-Aguirre contends that Defendant owes him $9,798.20[16] for unpaid hourly wages, overtime and "spread of hours" pay, unlawful deductions, and unpaid out of pocket expenses, (*Id.* ¶ 12), and $5,791.49 for liquidated damages under the FLSA and the

---

[15] Refers to the Affidavit of Jose Montenegro-Aguirre in support of Plaintiffs' Motion for Default Judgment, sworn to on September 8, 2011. (Docket No. 56).

[16] Plaintiffs submitted, at the Court's request, a supplemental declaration detailing the process by which the amounts owed to Plaintiffs, as set forth in the September 8, 2011 Affidavits, were calculated. (Docket No. 101).  The Court has reviewed the amounts pertaining to Jose Montenegro-Aguirre listed in Exhibit 2 of the supplemental declaration and has determined the following: (1) Plaintiffs incorrectly state the total amount of unpaid wages and unlawful deductions owed to Jose Montenegro-Aguirre as $9,798.20 in both their September 8, 2011 Affidavit and the supplemental declaration; (2) Plaintiffs incorrectly state the total amount of liquidated damages owed to Jose Montenegro-Aguirre as $5,791.49 in both their September 8, 2011 Affidavit and the supplemental declaration, and (3) Plaintiffs incorrectly state the unpaid overtime wages owed to Jose Montenegro-Aguirre as $4,833.75 in their September 8, 2011 Affidavit.  The Court has performed its own calculations based on the information provided in Exhibit 2 and finds that the correct amount for total unpaid wages and unlawful deductions is $9,648.20; the correct amount for total liquidated damages is $5,641.49, and the correct amount for unpaid overtime wages is $4,683.75. The Court uses these corrected amounts in the calculations set forth herein.

NYLL.[17]  Plaintiff Jose Montenegro-Aguirre also asserts that he is owed pre-judgment interest. (*Id.* ¶ 9).  Plaintiff Jose Montenegro-Aguirre has provided no documentation to support his claim.

### v.  Plaintiff Everardo Concepcion-Serrano

Plaintiff Everardo Concepcion-Serrano stated in his Affidavit that he worked for Defendant from approximately December 2007 until January 5, 2008. ("Concepcion-Serrano Aff.[18] ¶ 2).  He was promised an hourly wage of $17 per hour. (*Id.* ¶ 3).  He performed a variety of work for Defendant, including "painting, construction, and carpentry, as well as a wide variety of 'odd jobs' and assorted manual labor." (*Id.* ¶ 4).  He "often worked more than forty hours per week," and regularly worked more than ten hours a day. (*Id.* ¶¶ 5-6).  Defendant did not compensate him for all the hours he worked. (*Id.* ¶¶ 5, 7, 8).  Plaintiff Concepcion-Serrano further maintains that "[o]n one or more occasions, I incurred expenses while carrying out my work duties which were never reimbursed." (*Id.* ¶ 9).

Plaintiff Concepcion-Serrano contends that Defendant owes him $1,231.20 for unpaid hourly wages, overtime, and "spread of hours" pay, unlawful deductions, and unpaid out of pocket expenses, as well as $1,153.30 for liquidated damages under the FLSA and the NYLL,[19] and pre-judgment interest. (*Id.* ¶ 12).  Plaintiff Concepcion-Serrano has provided no documentation to support his claim.

---

[17] Plaintiffs calculate liquidated damages under the FLSA for unpaid wages and overtime owed at 100%, and under the NYLL for their "spread of hours" claims at 25%.

[18] Refers to the Affidavit of Everardo Concepcion-Serrano in Support of Plaintiffs' Motion for Default Judgment, sworn to on September 8, 2011. (Docket No. 54).

[19] Plaintiffs calculate liquidated damages under the FLSA for unpaid wages and overtime owed at 100%, and under the NYLL for their "spread of hours" claims at 25%.

I conclude that Plaintiffs have satisfied their burden of establishing that they performed the work and that Defendant did not compensate them adequately.  Moreover, Defendant has not opposed the requested damages.  Based on the evidence provided, I find that Defendant: (1) failed to compensate Plaintiffs for overtime wages earned at the rate of one and one half of their regular hourly wage when they worked in excess of forty hours in a workweek; (2) failed to compensate Plaintiffs for an additional hour of pay at minimum wage for every day that the "spread of hours" they worked exceeded ten hours; and (3) made unlawful deductions to their paychecks and failed to reimburse some of them for out of pocket expenses.  Thus, I respectfully recommend that Plaintiffs be awarded damages for unpaid wages, overtime, "spread of hours" pay, improper deductions and out of pocket expenses in the amount of $40,106.02 as follows:

| Plaintiff | Unpaid Wages | Overtime Owed | Spread of Hours Owed | Improper Deductions | Out of Pocket Expenses Owed | TOTAL |
|---|---|---|---|---|---|---|
| Isaias Velasquez | $965.00 | $2,848.75 | $786.50 | $478.50 | $2,320.00 | **$7,398.75** |
| Jose Montenegro-Aguirre | $720.00 | $4,683.75 | $950.95 | $1,193.50 | $2,100.00 | **$9,648.20** |
| Duglas Montenegro-Aguirre | $935.00 | $8,833.37 | $1,394.25 | $493.00 | | **$11,655.62** |
| Gilmer Cisneros-Calderon | $5,229.00 | $3,341.25 | $1,144.00 | $458.00 | | **$10,172.25** |
| Everardo Concepcion-Serrano | $1,011.50 | $127.50 | $57.20 | | $35.00 | **$1,231.20** |
| **TOTAL** | **$8,860.50** | **$19,834.62** | **$4,332.90** | **$2,623.00** | **$4,455.00** | **$40,106.02** |

**B.  Liquidated Damages**

Plaintiffs seek liquidated damages under both the FLSA and the NYLL.  Plaintiffs seek liquidated damages in an amount equal to 100% of their total unpaid wages and overtime under the FLSA; and liquidated damages equal to 25% of their "spread of hours" claims under the

NYLL.[20] (Docket No. 101 ¶¶ 6-7).  "An employee who prevails under the FLSA is entitled to liquidated damages equal to the unpaid wages." 29 U.S.C. § 216(b); *Lanzetta*, 763 F. Supp. 2d at 626.  In FLSA cases, "an employer who violates the statute's overtime compensation provision is liable for any unpaid overtime compensation and 'an additional equal amount as liquidated damages.'" *Doo Nam Yang*, 427 F. Supp. 2d at 340; *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011); *Moon*, 248 F. Supp. 2d at 234.  Liquidated damages are considered compensatory rather than punitive under the FLSA. *See Reich*, 121 F.3d at 71.  "Although 'double damages are the norm,' courts have the discretion not to award such damages if an employer showed that its violations were in good faith." *Lanzetta*, 763 F. Supp. 2d at 626 (citations omitted).

"Plaintiffs are also entitled to liquidated damages on the spread-of-hours under state law if the violation was willful." N.Y. Lab. Law §§ 198(1-a), 663(1); *Galaena*, 120 F. Supp. 3d at 319.  At the time of these violations, the NYLL entitled Plaintiffs to liquidated damages at the state statutory rate of 25% on their minimum wage and overtime claims.  *Galaena*, 120 F. Supp. 3d at 319.  Under the NYLL "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law,' a successful plaintiff is entitled to liquidated damages 'equal to twenty-five percent of the total of such underpayments found to be due the employee and any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action." N.Y. Lab. Law § 663(1); *Lanzetta*, 763 F. Supp. 2d at 626; *see also Doo Nam Yang*, 427 F. Supp. 2d at 340.  In contrast to the FLSA, "liquidated damages under the [New York] Labor Law 'constitute a penalty' to deter an

---

[20] It was unclear from reviewing Plaintiffs' submissions whether they were requesting liquidated damages for their claims of unlawful payroll deductions and unreimbursed expenses.  After contacting the parties for clarification, Plaintiffs withdrew all claims for liquidated damages for unlawful payroll deductions and unreimbursed expenses. (Docket No. 102).  Accordingly, the Court will not include them in its calculation of liquidated damages.

employer's willful withholding of wages due." *Santillan*, 822 F. Supp. 2d at 297 (citations omitted). Courts have found that a defendant's default may, in itself, be sufficient to support a finding of willfulness. *Id.* at 297 (citations omitted). In the instant case, Defendant has defaulted. Consequently, Defendant has failed to demonstrate "good faith" and a lack of willfulness.

Because the FLSA and the NYLL serve very different purposes, some courts grant plaintiff both awards. *Santillan*, 822 F. Supp. 2d at 297 (citations omitted). Here, Plaintiffs are only requesting liquidated damages under the NYLL for their "spread of hours" claims. Thus, the Court need not analyze whether Plaintiffs are entitled to liquidated damages under the NYLL for their unpaid wages and overtime claims. Additionally, Plaintiffs seek liquidated damages at the state statutory rate of 25%, "which was the percentage applicable at the time of the violations." (Docket No. 101 ¶7(b)).

Accordingly, I respectfully recommend that Plaintiffs be awarded liquidated damages in the amount of $29,778.35 as follows:

| Plaintiff | FLSA Liquidated Damages | NYLL Liquidated Damages |
|---|---|---|
| Isaias Velasquez | $3,813.75 | $196.63 |
| Jose Montenegro-Aguirre | $5,403.75 | $237.74 |
| Duglas Montenegro-Aguirre | $9,768.37 | $348.56 |
| Gilmer Cisneros-Calderon | $8,570.25 | $286.00 |
| Everardo Concepcion-Serrano | $1,139.00 | $14.30 |
| **TOTAL** | **$28,695.12** | **$1,083.23** |

## IV. CALCULATION OF ATTORNEYS' FEES

The FLSA and the NYLL both "provide for an award of reasonable attorney's fees." *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a) or 663(1). Plaintiffs bear the burden of establishing the reasonableness of the fees sought. *Santillan*, 822 F. Supp. 2d at 299 (citations omitted). In calculating attorneys' fees, the Court has considerable discretion in determining the "presumptively reasonable fee," by multiplying a reasonable hourly rate by the reasonable

number of hours expended on the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008).  In determining the reasonable hourly rate, "a court must determine 'what a reasonable, paying client would be willing to pay' for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." *Torres v. City of New York*, No. 07 Civ. 3473(GEL), 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 189-90.  When calculating the "presumptively reasonable fee" amount, the Court should "make any appropriate adjustments to arrive at the final fee award." *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).  Moreover, the Second Circuit has cautioned, "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983) (internal citations and quotations omitted).

## A.  Reasonable Hourly Rate

Determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [, which] may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted).  Moreover, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184 n.2.  The party seeking a fee award "has the burden of showing by satisfactory evidence–in addition to the attorney's own affidavits–that the requested hourly rates are the prevailing market rates." *Farbotko*, 433 F.3d at

209 (citations and internal quotation marks omitted).  "The reasonable hourly rates should be based on 'rates prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 208.

The nature of the work in this matter was more complicated than a standard FLSA and NYLL case because Defendant filed for personal and corporate bankruptcy in order to avoid the responsibility of his debt.  Plaintiffs' counsel has submitted attorney affidavits in support of their requested rates.  Considering the more difficult work involved here, the need for motion practice to address Defendant's repeated discovery misconduct, the bankruptcy proceeding, as well as the credentials of the attorneys seeking fees, this Court finds it is appropriate to award hourly rates as follows:

| ATTORNEY | HOURLY RATE |
|---|---|
| Daniel A. Schlanger | $350/hr. |
| Michael Schlanger | $450/hr. |
| Peter T. Lane | $275/hr. |
| Jeanne M. Christensen | $225/hr. |
| Paralegals | $155/hr. |

Although these rates may be slightly less than requested, the Court finds that these rates are reasonable current rates based on the credentials of the attorneys working on the case and on the prior rates awarded to them in federal court.  The Second Circuit has further held that to adjust for the delay, "the rates used by the court should be 'current rather than historic hourly rates.'" *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (citations omitted); *Lochren v. Cty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (reversing district court for failing to use current rates).  Accordingly, the Court recommends that these rates be applied to all reasonable hours expended on this matter.

**B.  Number of Hours Reasonably Expended**

To determine the number of reasonable hours expended, contemporaneous time records, affidavits, and other materials must support the prevailing party's fee application. *Chambless*, 885 F.2d at 1058; *N.Y. State Ass'n for Retarded Children, Inc.*, 711 F.2d at 1147-48.  The number of hours should be reduced for excessive, redundant, vague, or otherwise unnecessary hours. *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  "In so doing, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks and citation omitted).  "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Cesario v. BNI Constr., Inc.*, No. 07 Civ. 8545, 2008 WL 5210209, at *7 (S.D.N.Y. Dec. 15, 2008) (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

The Court has reviewed the attorneys' hourly time entries and finds them to be reasonable.  Counsel exercised prudent billing judgment by not seeking compensation for 50 hours of attorney time, and by reclassifying some attorney time as paralegal time and billing those hours at a lower rate.  The Court has also reviewed the attorneys' fees and costs charged by Zeisler & Zeisler, P.C., the firm hired to assist Plaintiffs in the bankruptcy action, and finds that their rates and hours expended are reasonable and were necessary to the resolution of the claim in this Court. *See Lora v. J.V. Car Wash, Ltd.*, 11 Civ. 9010(LLS)(AJP), 2015 WL 7302755, at

*6 (S.D.N.Y. Nov. 18, 2015). I recommend that their fees and costs be granted in their entirety.[21] Accordingly, I recommend awarding attorneys' fees as follows:

| Attorney | Hours | Rates | Total |
|----------|-------|-------|-------|
| Daniel A. Schlanger | 180.5 | $350/hr. | $63,175.00 |
| Michael Schlanger | 3.2 | $450/hr. | $1,440.00 |
| Peter T. Lane | 105.4 | $275/hr. | $28,985.00 |
| Jeanne M. Christensen | 58.5 | $225/hr. | $13,162.50 |
| Paralegals | 58.90 | $115/hr. | $6,773.50 |
| Zeisler & Zeisler, P.C. | | | $4,740.00[22] |
| | | **TOTAL** | **$118,276.00** |

## V.  COSTS

Under the FLSA and the NYLL, a prevailing plaintiff is entitled to recover costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Santillan*, 822 F. Supp. 2d at 300-01. Additionally, I have reviewed Plaintiffs' request for costs, in the amount of $7666.19,[23] and find the costs to be reasonable. I, therefore, recommend that Plaintiffs be awarded costs of $7,666.19.

## VI.  PRE-JUDGMENT INTEREST

Plaintiffs seek pre-judgment interest on their state law claims ("spread of hours," improper deductions, and unreimbursed out of pocket expenses). Courts have held that Plaintiffs are "entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed." *Santillan*, 822 F. Supp. 2d at 297. However, pre-judgment interest may be applied to the NYLL violations even if

---

[21] Plaintiffs' submission seeks compensation for time spent preparing the application for attorneys' fees. The Court has included that time in the total amount of hours expended as allowed by the Second Circuit. *See Gagne v. Maher*, 594 F.2d 336, 343 (2d Cir. 1979), *aff'd* 448 U.S. 122 (1980).

[22] This amount includes the full amount requested by Zeisler & Zeisler, P.C. for their attorneys' fees. Zeisler & Zeisler, P.C.'s costs of $147.90 are not included here, but are included in the Court's recommended award of costs. *See* Section V, *infra*.

[23] Zeisler & Zeisler, P.C.'s costs of $147.90 are included in this total.

liquidated damages under the NYLL were also awarded. *Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635(LAK)(JCF), 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011).

"Section 5001 of New York's Civil Practice Law and Rules governs the calculation of prejudgment interest for violations of the state's Labor Law." *Santillan*, 822 F. Supp. 2d at 298. "Courts ordinarily apply a statutory interest rate of nine percent per annum in determining prejudgment interest under New York Law." *Id.* at 298. "The starting date from which a court computes interest is 'the earliest ascertainable date the cause of action existed.'" *PAPS*, 2012 WL 5873584, at *8 (citing N.Y. C.P.L.R. § 5001(b)). Here, Plaintiffs propose that the date to be used for interest calculation is January 2008. Although the damages claims accrued at various times, Plaintiffs used the last month of employment to calculate pre-judgment interest. This is a conservative approach since many courts allow the "midpoint of the accrual of each of the … sets of damages to calculate interest." *Doo Nam Yang*, 427 F. Supp. 2d at 341. "[S]ection 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest." *PAPS*, 2012 WL 5873584, at *10 (citations omitted). Plaintiffs also employed the statutory 9% interest rate in their calculation. *See* N.Y. C.P.L.R. § 5004. The Court accepts this methodology and finds that Plaintiffs are entitled to interest on their state law claims from January 2008 to the date judgment is entered.

## VII. CONCLUSION

For the foregoing reasons, I respectfully recommend that a judgment be entered in favor of Plaintiffs and against Defendant Eric Salinas[24] in the amount of $195,826.56, representing

---

[24] A Default Judgment was only entered against Defendant Salinas, and not against Defendant Salinas Enterprises LLC. Therefore, the referral for an inquest on damages only pertains to the defaulting defendant, Defendant Salinas. Nonetheless, the Court notes that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Moon*, 248 F. Supp. 2d at 237.

damages in the amount of $69,884.37 and attorneys' fees and costs in the amount of

$125,942.19.  The Court also recommends an award of pre-judgment interest calculated at 9%

per annum from January 2008 to the date judgment is entered.

## VIII.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from receipt of this Report and

Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for

computing time).  If copies of this Report and Recommendation are served upon the parties by

mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written

objections. *See* Fed. R. Civ. P. 6(d).  Objections and responses to objections, if any, shall be filed

with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable

Kenneth M. Karas at the United States District Court, Southern District of New York, 300

Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at

said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Kenneth

M. Karas and not to the undersigned.  Failure to file timely objections to this Report and

Recommendation will preclude later appellate review of any order of judgment that will be

rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga

Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated:  September 14, 2016
        White Plains, New York

RESPECTFULLY SUBMITTED,

JUDITH C. McCARTHY
United States Magistrate Judge

22