UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILMER CISNEROS-CALDERON, LUIS
DUGLLAY, ISAIAS VELASQUEZ,
DUGLAS MONTENEGRO-AGUIRRE,
JOSE MONTENEGRO-AGUIRRE, and
EVERARDO CONCEPCION-SERRANO,

                              Plaintiffs,

              -v-

SALINAS ENTERPRISES, LLC, and ERIC
SALINAS,

                              Defendants.

No. 08-CV-6406 (KMK)(JCM)

ORDER ADOPTING
REPORT & RECOMMENDATION IN
PART & MODIFYING IT IN PART

KENNETH M. KARAS, District Judge:

On September 14, 2016, Magistrate Judge Judith C. McCarthy issued a Report &

Recommendation ("R&R") recommending that this Court enter judgment in favor of Plaintiffs

against Defendant Eric Salinas ("Salinas") in the amount of $195,826.56, representing damages

in the amount of $69,884.37 and attorneys' fees and costs in the amount of $125,942.19. (Dkt.

No. 103.)[1] Judge McCarthy also recommended an award of prejudgment interest on Plaintiffs'

state law claims ("spread of hours," improper deductions, and unreimbursed out of pocket

expenses) calculated at 9% per annum from January 2008 to the date judgment is entered. (*Id.* at

20–21.) In the R&R, Judge McCarthy provided notice that objections to the R&R were due

within 14 days, and that failure to object would preclude later appellate review of any order of

judgment that will be entered. (*Id.* at 22.) No objections have been filed.

---

[1] As Judge McCarthy notes, a default judgment was entered only against Eric Salinas.
(R&R at 21 n.24.)

Because no objections have been filed, the Court reviews the R&R only for "clear error on the face of the record." *Kessler v. Colvin*, 48 F. Supp. 3d 578, 582 (S.D.N.Y. 2014) (internal quotation marks omitted). Having reviewed Judge McCarthy's decision, the Court adopts in full the R&R with respect to the amount of damages awarded to Plaintiffs ($69,884.37) and the award of prejudgment interest on Plaintiffs' state law claims. The Court also adopts the hourly rates that Judge McCarthy awarded to Plaintiffs' counsel. (R&R at 20.) The Court, however, modifies the amount of attorneys' fees and costs as explained in more detail below.

On October 13, 2016, the Court issued an order directing Plaintiffs' counsel, now known as Kakalec & Schlanger, LLP ("K&S"), to provide additional information as to how it calculated the amount that it requested in attorneys' fees and costs. (*See* Dkt. No. 105.) Specifically, the Court asked K&S to calculate the attorneys' fees it believed that it was owed from the beginning of the case to present using the per-hour dollar amounts recommended in the R&R. (*See id.*) K&S submitted its response ("K&S Response") to the Court's Order on November 3, 2016. (*See* Letter from Daniel A. Schlanger, Esq., to Court (Nov. 3, 2016) ("K&S Response") (Dkt. No. 108).) The K&S Response includes a series of exhibits calculating the amount K&S is owed for its work on this case.[2] The submission also includes fees and costs that have been incurred by

---

[2] The Court notes that the K&S Response is the type of submission the Court expects from counsel to substantiate a fee request. The Court's inability to determine initially the proper amount of attorneys' fees was due to the piecemeal fashion in which Plaintiffs submitted their fee requests over the course of this Action. (*See* Dkt. Nos. 38, 59, 90–91, 94–95.)

The Court also notes that a portion of the fees and costs being requested by K&S relate to a Motion for Fees ("Motion") brought in October 2009, which was not made sufficiently clear in K&S's prior submissions to Judge McCarthy. (*See* Mot. for Fees and Costs (Dkt. No. 38).) The Motion was filed after Judge Stephen C. Robinson, then presiding over the case, informed Plaintiffs that he was willing to consider such a motion because Salinas failed to comply with his discovery obligations. (*See* Decl. of Daniel A. Schlanger in Supp. of Pls.' Mot. for Default J. ("Schlanger Decl.") Ex. 11, at 3 (Dkt. No. 59).) Judge Robinson subsequently denied the Motion without prejudice in light of Salinas's filing for bankruptcy. (*See* Schlanger Decl. Ex. 12.) The Court finds it proper to award K&S the fees it incurred in connection with Salinas's failure to

K&S since it submitted its fee request and supporting documentation to Judge McCarthy in

2014. (*See* K&S Response Ex. 3.)

The Court has reviewed K&S's Response and the underlying documentation supporting

its fee request. Accordingly, the Court awards attorneys' fees as follows:

| Attorney | Hours | Rates | Total |
|---|---|---|---|
| Daniel A. Schlanger | 236.4 | $350/hr. | $82,740.00 |
| Patricia Kakalec | 12.6 | $450/hr.[3] | $5,670.00 |
| Michael Schlanger | 3.6 | $450/hr. | $1,620.00 |
| Peter T. Lane | 105.4 | $275/hr. | $28,985.00 |
| Jeanne M. Christensen | 60.7 | $225/hr. | $13,657.50 |
| Paralegals | 111.35 | $115/hr. | $12,805.25 |
| Zeisler & Zeisler, P.C. | | | $4,740.00 |
| | | Total | $150,217.75 |

The Court also awards K&S costs in the amount of $7,917.66, representing the total

amount of costs it has incurred from the initiation of this Action. (*See* K&S Response Ex. 4.)

In the Court's Order requesting additional information from Plaintiffs, the Court also

asked Plaintiffs to inform the Court as to how they wished to proceed on any outstanding claims

against Defendant Salinas Enterprises, LLC ("Salinas Enterprises"). Plaintiffs have informed the

comply with his discovery obligations as those fees were incurred in connection with the
prosecution of this Action, Salinas's discovery obligations were in place before he filed for
bankruptcy, (*see* Schlanger Decl. Ex. 11, at 2), and the fees were largely incurred before the date
Salinas filed for bankruptcy. (*See* Mot. for Fees and Costs Ex. C.)

[3] Patricia Kakalec's time was not included in Plaintiffs' initial fee request because she did
not join K&S until February 2016. The Court finds that her hourly rate of $450/hour is
reasonable in light of her credentials and current market rates. (*See* K&S Response Ex. 8.)

Court that they wish to dismiss any outstanding claims against Salinas Enterprises.  Thus, any

outstanding claim are dismissed.

Accordingly, it is hereby

ORDERED that judgment be entered in favor of Plaintiffs against Defendant Eric Salinas

in the amount of $ 228,019.78, representing damages in the amount of $69,884.37 and attorneys'

fees and costs in the amount of $158,135.41 ($150,217.75 for attorneys' fees plus $7,917.66 in

costs).[4]  It is further

ORDERED that Plaintiffs are granted prejudgment interest on their state law claims

("spread of hours," improper deductions, and unreimbursed out of pocket expenses) calculated at

9% per annum from January 2008 to the date judgment is entered.  It is further

ORDERED that all outstanding claims against Salinas Enterprises are dismissed.

The Clerk of Court is respectfully directed to close the case.

Dated:     November 10 , 2016
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[4] The K&S Response includes two charts representing the total amount in attorneys' fees and costs K&S is requesting. (*See* K&S Response Ex. 4.)  One chart reflect that K&S is entitled to $158,135.41; the other reflects that K&S should be awarded $158,325.41.  K&S notes this discrepancy and requests only the smaller amount. (*Id.* Ex. 4 n.2.)  The Court has identified the discrepancy—K&S miscalculates the amount due for Kakalec's time in table II—and therefore awards K&S the lesser amount.